UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL BELLINA,<br><br>      Plaintiff,<br><br>v.<br><br>TILDEN RECREATIONAL VEHICLES, LLC d/b/a BOAT-N-RV[1],<br><br>      Defendant. | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1332, defendant Tilden Recreational Vehicles, Inc. d/b/a Boat-N-RV ("Defendant" or "BNRV"), hereby removes to this Court the action captioned *Bellina v. Tilden Recreational Vehicles, LLC. d/b/a Boat-N-RV*, No. 2018-19948 (the "State Court Action") from the Court of Common Pleas of Berks County (the "State Court"). The grounds for removal are as follows:

### THE REMOVED CASE

1. Plaintiff commenced the State Court Action against Defendant by filing a complaint with the State Court on or about December 24, 2018. A true and correct copy of the complaint in the State Court Action received by BNRV is attached hereto as Exhibit A.[2] A true and correct copy of the docket in the State Court Action is attached hereto as Exhibit B.

---

[1] Defendant is incorrectly identified in the Plaintiff's Complaint as Tilden Recreational Vehicles, LLC d/b/a Boat-N-RV. The correct party Defendant is Tilden Recreational Vehicles, Inc., a New York Corporation, d/b/a Boat-N-RV Superstore.

[2] The copy of the Complaint that BNRV received is missing page 6, as well as exhibits that are referenced in the text of the Complaint. BNRV has attached a true and correct copy of what it received. BNRV has made repeated requests to counsel for Plaintiff for a complete copy of the Complaint, but has not received one.

1

2. Defendant was served a copy of the Plaintiff's Complaint on or about January 3, 2019. *See* Ex. B at 1.

## SUBJECT MATTER JURISDICTION

3. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.§ 1441(a).

4. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332(a).

5. Plaintiff states in the Complaint that he is a "competent adult individual residing at 237 Hickory Corner Road, Milford, NJ." Ex. A ¶ 1. Plaintiff is therefore a citizen of the State of New Jersey.

6. BNRV is a corporation organized and existing under the laws of the State of New York. BNRV's principal place of business or "nerve center" is located in Tennessee. A printout from the New York Department of State website reflecting BNRV's status as a New York corporation with a headquarters in Tennessee is attached hereto as Exhibit C.

7. BNRV is therefore a citizen of the State of New York and a citizen of the State of Tennessee. 28 U.S.C. § 1332(c)(1).

8. As a result, for purposes of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(c)(1).

9. In addition, the amount in controversy is in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Specifically, the Complaint seeks, *inter alia*, actual damages in excess of Fifty Thousand Dollars ($50,000.00) as well as statutory treble damages pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, *Pa. C.S.A. § 201-3, et seq. See* Ex. A at 8, 9.

10. Removal of this matter is therefore proper under 28 U.S.C. § 1441(a), because this Court has original jurisdiction pursuant to the diversity statute.

## VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), as the Eastern District of Pennsylvania embraces Berks County, where the State Court Action is pending.

## REMOVAL IS TIMELY

12. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.§ 1446(b)(1).

13. This Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1446(b), because thirty (30) days have not expired since Defendant first received notice of this action. Defendant first received notice of this action on or about January 3, 2019, when the summons and complaint were delivered to Defendant's store in Hamburg, Pennsylvania. Other than another incomplete copy of the Complaint filed in Berks County, Defendant has received no further pleadings or filings in this action.

## NOTICE TO OTHER PARTIES

14. Pursuant to 28 U.S.C. §1446(d), the undersigned certifies that, promptly after this Notice of Removal is filed, written notice thereof shall be served upon Plaintiff and the Prothonotary of the Court of Common Pleas of Berks County.

WHEREFORE, defendant Tilden Recreational Vehicles, Inc. d/b/a Boat-N-RV, hereby removes the above-captioned action from the Court of Common Pleas of Berks County pursuant to 28 U.S.C. §§ 1441 & 1446.

Dated: January 23, 2019  KLEHR HARRISON HARVEY BRANZBURG LLP

By: _____
Paige M. Willan
1835 Market Street, 14th Floor
Philadelphia, PA 19103
(215) 569-2700
pwillan@klehr.com

*Attorneys for Defendant*
*Tilden Recreational Vehicles, Inc.*
*d/b/a Boat-N-RV*

## CERTIFICATE OF SERVICE

I, Paige M. Willan, hereby certify that, on January 23, 2019, I caused a true and correct copy of the foregoing Notice of Removal to be served via first class mail, postage pre-paid, on counsel for Plaintiff Paul Bellina at the following address:

>Sean M. McDonough
>Law Offices of Sean M. McDonough, P.C.
>717 Washington Street
>Easton, PA 18043

>Paige M. Willan

# EXHIBIT A

LAW OFFICES OF SEAN M. McDONOUGH, P.C.
BY: Sean M. McDonough, Esquire
sm@smcdlaw.com
I.D. No. 162056
717 Washington Street
Easton, PA 18042
Phone: (610) 365-7920

Attorney for Plaintiff,
Paul Bellina

| | |
|---|---|
| PAUL BELLINA<br>*Plaintiff*<br><br>v.<br><br>TILDEN RECREATIONAL<br>VEHICHLES, LLC d/b/a<br>BOAT N RV<br>*Defendant* | COURT OF COMMON PLEAS<br>OF BERKS COUNTY<br><br>CIVIL ACTION |

## CIVIL ACTION COMPLAINT

Plaintiff, Paul Bellina, by his undersigned counsel, the Law Offices of Sean M. McDonough, P.C., files this Complaint against Defendant, Tilden Recreational Vehicles, LLC., doing business as Boat N RV Superstore, averring as follows:

### THE PARTIES

1. Plaintiff, Paul Bellina, is a competent adult individual residing at 237 Hickory Corner Road, Milford, NJ 08848.

2. Defendant, Tilden Recreational Vehicles, LLC., doing business as Boat N RV Superstore, is a corporation registered in the State of Pennsylvania at 20 Industrial Drive, Hamburg, Berks County, Pennsylvania, 19526

Received County of Berks Prothonotary's Office on 12/14/2018 12:13 PM Prothonotary Docket No. 18-19948

## VENUE AND JURISDICTION

3. Berks County is an appropriate venue as it is the registered address of the Defendant, and the location where the Plaintiff's cause of action arises pursuant to Pa.R.C.P. 1006(a)(1) and Pa.R.C.P. 2179(a)(3).

## FACTS

4. On or about December 22, 2017 Plaintiff, Paul Bellina entered into a contract with Defendant Tilden Recreational Vehicles, LLC., doing business as Boat N RV Superstore, to sell Plaintiff's 2014 Aerolite Travel Trailer (Trailer) on consignment at Boat N RV dealership. This contract is attached as Exhibit "A."

5. In exchange for Defendant's agreement to sell said Trailer, Plaintiff, Paul Bellina, agreed to accept $17,000.00 from the gross proceeds. Id.

6. At the time the contract was entered into between the parties, Plaintiff had a lien of nearly $32,000.00 on the trailer through American Heritage Federal Credit Union. Id.

7. The initial contract was for a term of 90 days, renewable by agreement of the parties. Id.

8. In March of 2018, less than three months after the contract was signed the parties agreed to extend the contract for an unspecified period of time.

9. On or about June 16, 2018 a friend of Plaintiff was on the premise of Defendant and observed Plaintiff's Trailer parked behind the building not on the sale lot.

10. Upon further inspection he noticed substantial damage to Trailer, including but not limited to a broken slide, shifted frame and additional structural and

Received County of Berks Prothonotary's Office on 12/14/2018 12:13 PM Prothonotary Docket No. 18-19948

cosmetic damage. In addition, the vehicle had been broken into whereby a window on the side of the Trailer was missing and numerous electronic equipment had been stolen. A representative of Defendant advised Plaintiff's friend that they were not going to repair the Trailer.

11. Defendant, as of the date of this compliant, have never advised Plaintiff of any issues or damage to his trailer. Furthermore, Defendant has never advised that the trailer was taken off the sale several months ago while Plaintiff continues to pay on the purchase loan.

## COUNT I
## NEGLIGENCE
## PLAINTIFF v. DEFENDANT

12. The allegations and averments of the above paragraphs are incorporated by reference as if fully set forth herein.

13. Defendant has a duty to maintain Plaintiff's property for the sole purpose of selling same on consignment.

14. The Defendant's conduct was negligent in the following ways:

   a. Failure to properly secure Plaintiff's property
   b. Failure to safeguard Plaintiff's property
   c. Failure to timely notify Plaintiff of damages incurred
   d. Failure to maintain marketable title
   e. Failure to properly safeguard Plaintiff's interests, and
   f. Failure to properly maintain a fiduciary duty

15. As a direct and proximate cause of the Defendant's negligence, the Plaintiff suffered damages including:

   a. Loss of value to his property
   b. Costs in commencing this action
   c. Loss of the quiet enjoyment
   d. Costs of paying a loan secured against said trailer, and
   e. Diminution of value of Plaintiff's property

Received County of Berks Prothonotary's Office on 12/14/2018 12:13 PM Prothonotary Docket No. 18-19948

any time prior to midnight of the third business day after the date of this transaction. See the attached notice of cancellation form for an explanation of this right."

21. No such right to cancel was incorporated into the Defendant's contract in this case.

22. The UTPCPL Pa.C.S.A. § 201-9.2(a) permits any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act (§ 201-3.1) to bring a private action, to recover actual damages.

23. The UTPCPL Pa.C.S.A. § 201-9.2(a) permits the Court to award up to three times the actual damages sustained, and may provide such additional relief as it deems necessary or proper.

24. The UTPCPL Pa.C.S.A. § 201-9.2(a) permits Plaintiff, in addition to other relief provided in this section, to recover costs and reasonable attorney fees.

25. Defendant is subject to the UTPCPL as it is a provider of goods and services who advertize their products in the community.

26. Plaintiff is a consumer under the UTPCPL because he purchased goods and services from the Defendants.

27. The conduct as outlined in this pleading was fraudulent and deceptive, and constitutes violations of the UTPCPL.

28. Plaintiff suffered damages as a direct and proximate result of the Defendant's conduct in violation of the UTPCPL including, but not limited to

    a. Loss of value to his property
    b. Costs in commencing this action

Received County of Berks Prothonotary's Office on 12/14/2018 12:13 PM Prothonotary Docket No. 18-19948

      c.    Loss of the quiet enjoyment
      d.    Costs of paying a loan secured against said trailer, and
      e.    Diminution of value of Plaintiff's property
      f.    Any future costs necessary to make Plaintiff whole as a result of the defective and fraudulent practices of the Defendant.

**WHEREFORE**, Plaintiff demands Judgment be entered against Defendant in an amount in excess of $50,000 for damages suffered by Plaintiff, treble damages, and costs and fees as permitted by statute.

**COUNT IV**
**BREACH OF CONTRACT**
**PLAINTIFF v. DEFENDANT**

29. The averments and allegations of the above paragraphs are incorporated by reference as if fully set forth herein.

30. As set forth above, the parties entered into a consignment contract whereby Defendant agreed to market and sell Plaintiff's Trailer.

31. Defendant breached the contract with the Plaintiff in the following respects:

      a.    Failing to market Plaintiff's trailer
      b.    Failing to provide the services and product promised for the agreed upon price
      c.    Failing to promptly correct known errors
      d.    Failing to correct errors under the existing contract
      e.    Failing to notify Plaintiff of the damages and theft
      f.    Failing to notify Plaintiff of the loss of marketability
      g.    Requiring Plaintiff to continue and pay principal and interest on a loan secured by the trailer

32. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages including:

      a.    Loss of value to his property
      b.    Costs in commencing this action
      c.    Loss of the quiet enjoyment

Received County of Berks Prothonotary's Office on 12/14/2018 12:13 PM Prothonotary Docket No. 18-19948

    d.    Costs of paying a loan secured against said trailer, and
    e.    Diminution of value of Plaintiff's property
    f.    Any future costs necessary to make Plaintiff whole as a result of the defective and fraudulent practices of the Defendant.

**WHEREFORE**, Plaintiff demands Judgment be entered against Defendant in an amount in excess of $50,000 for damages suffered by Plaintiff.

**COUNT V**
**UNJUST ENRICHMENT**
**PLAINTIFF v. DEFENDANT**

33. The averments and allegations of the above paragraphs are incorporated by reference as if fully set forth herein.

34. As set forth above, the Plaintiff, per the terms of the consignment agreement, handed over his trailer worth approximately $23,000 to the Defendant in exchange for the promise of marketing and storing Plaintiff's trailer in a safe and protected manner.

35. Plaintiff has not received any benefit in exchange for his valuable consideration.

36. Defendant has retained possession and to date has not notified Plaintiff of the allegations contained herein or refund any portion of the above mentioned valuable consideration.

**WHEREFORE**, Plaintiff prays for Judgment in his favor and against Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00).

9

Respectfully submitted,

LAW OFFICES OF SEAN M. McDONOUGH

By: _____
Sean M. McDonough, Esquire
Attorney for Plaintiff,
Paul Bellina

Date: 10/1/18

LAW OFFICES OF SEAN M. McDONOUGH, P.C.
BY: Sean M. McDonough, Esquire
sm@smcdlaw.com
I.D. No. 162056
717 Washington Street
Easton, PA 18042
Phone: (610) 365-7920

**Attorney for Plaintiff,**
Paul Bellina

| | |
|---|---|
| PAUL BELLINA<br>*Plaintiff* | COURT OF COMMON PLEAS<br>OF BERKS COUNTY |
| v. | CIVIL ACTION |
| TILDEN RECREATIONAL<br>VEHICHLES, LLC d/b/a<br>BOAT N RV<br>*Defendant* | |

## VERIFICATION

Paul Bellina hereby swears that he is the Plaintiff in this action and that the statements in the attached pleading are true and correct to the best of his knowledge, information and belief and further acknowledges that any false statement made is subject to the criminal penalties of 18 P.C.S.A. Subsection 4904, relating to unsworn falsification to authorities.

Dated: 9/21/18

_____
Paul Bellina

10

# EXHIBIT B

01/23/2019

**Berks County Civil Court Docket Summary**
**Docket Number: 18 19948**

**Judge:** Jeffrey K. Sprecher, J.
**SubType:** Complaint

**Filed:** 12/14/2018

**Attorney(s)**
McDonough, Sean

**BELLINA, PAUL**
*** VS ***
**TILDEN RECREATIONAL VEHICLES LLC**
**DBA BOAT N RV**

| Date | Summary |
|---|---|
| 12/14/2018 | Contract - Buyer Plaintiff - in excess of $50,000.00 plus... |
| 01/03/2019 | Sheriff's Service of Complaint and Notice upon Deft Tilden Recreational Vehicles (Boat N RV) by handing to David Rosco/APIC on 1/2/19 |

# EXHIBIT C

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through January 22, 2019.

Selected Entity Name: TILDEN RECREATIONAL VEHICLES, INC.

#### Selected Entity Status Information

| | |
|---|---|
| Current Entity Name: | TILDEN RECREATIONAL VEHICLES, INC. |
| DOS ID #: | 2983425 |
| Initial DOS Filing Date: | DECEMBER 01, 2003 |
| County: | GREENE |
| Jurisdiction: | NEW YORK |
| Entity Type: | DOMESTIC BUSINESS CORPORATION |
| Current Entity Status: | ACTIVE |

#### Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

**Chief Executive Officer**
DERWOOD LITTLEFIELD
2475 WESTEL ROAD
ROCKWOOD, TENNESSEE, 37854

**Principal Executive Office**
BOAT-N-RV CORPORATE HEADQUARTERS
2475 WESTEL ROAD
ROCKWOOD, TENNESSEE, 37854

### Registered Agent

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| DEC 01, 2003 | Actual | TILDEN RECREATIONAL VEHICLES, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us