UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL BELLINA, | : |
| Plaintiff, | : : : |
| v. | : CIVIL ACTION NO. 19-CV-0349 : |
| TILDEN RECREATIONAL VEHICLES, LLC d/b/a BOAT-N-RV[1], | : : : |
| Defendant. | : : |

## **AMENDED NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1332, defendant Tilden Recreational Vehicles, Inc. d/b/a Boat-N-RV ("Defendant" or "BNRV"), hereby removes to this Court the action captioned *Bellina v. Tilden Recreational Vehicles, LLC. d/b/a Boat-N-RV*, No. 2018-19948 (the "State Court Action") from the Court of Common Pleas of Berks County (the "State Court"). The grounds for removal are as follows:

## **THE REMOVED CASE**

1.      Plaintiff commenced the State Court Action against Defendant by filing a complaint with the State Court on or about December 24, 2018. A true and correct copy of the complaint in the State Court Action received by BNRV is attached hereto as Exhibit A.[2] A true and correct copy of the docket in the State Court Action is attached hereto as Exhibit B.

---

[1] Defendant is incorrectly identified in the Plaintiff's Complaint as Tilden Recreational Vehicles, LLC d/b/a Boat-N-RV. As set forth more fully below, the correct party Defendant is Tilden Recreational Vehicles, Inc., a New York Corporation, d/b/a Boat-N-RV Superstore.
[2] The initial copy of the Complaint that BNRV received was missing page 6, as well as exhibits that are referenced in the text of the Complaint. After repeated requests, BNRV finally received a full copy of the complaint with the attached exhibit at 5:30 PM on January 24, 2019, the day after the initial notice of removal was filed. BNRV has attached to this Amended Notice of Removal a true and correct copy of the full complaint that it received on January 24, 2019.

1

2.     Defendant was served a copy of the Complaint on or about January 3, 2019. *See* Ex. B at 1.

## SUBJECT MATTER JURISDICTION

3.     A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.§ 1441(a).

4.     "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332(a).

5.     Plaintiff states in the Complaint that he is a "competent adult individual residing at 237 Hickory Corner Road, Milford, NJ." Ex. A ¶ 1. Plaintiff is therefore a citizen of the State of New Jersey.

6.     Plaintiff incorrectly alleges in the Complaint that the proper defendant is Tilden Recreational Vehicles, LLC. Ex. A ¶ 2.

7.     Tilden Recreational Vehicles, LLC does not exist. *See* Declaration of Thomas H. Shields, III (the "Shields Declaration" or "Shields Decl.") ¶¶ 4, 8. A copy of the Shields Declaration is attached hereto as Exhibit C. The entity that contracted with Plaintiff, and that operates as Boat-N-RV at the location identified in the Complaint in Hamburg, Pennsylvania, is Tilden Recreational Vehicles, Inc. Shields Decl. ¶¶ 6-7.

2

8. Tilden Recreational Vehicles, Inc. is a corporation organized and existing under the laws of the state of New York, which is registered to do business in the Commonwealth of Pennsylvania as a foreign business corporation. Shields Decl. ¶¶ 3 -7; Exs. 1 & 2. As a business corporation –not a limited liability corporation – Tilden Recreational Vehicles, Inc. does not have members. Shields Decl. ¶ 4.

9. Tilden Recreational Vehicles, Inc. maintains its principal place of business or "nerve center" in Tennessee. Shields Decl. ¶ 5.

10. BNRV is therefore a citizen of the State of New York and a citizen of the State of Tennessee. 28 U.S.C. § 1332(c)(1).

11. As a result, for purposes of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(c)(1).

12. In addition, the amount in controversy is in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Specifically, the Complaint seeks, *inter alia*, actual damages in excess of Fifty Thousand Dollars ($50,000.00) as well as statutory treble damages pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, *Pa. C.S.A. § 201-3, et seq. See* Ex. A at 8, 9.

13. Removal of this matter is therefore proper under 28 U.S.C. § 1441(a), because this Court has original jurisdiction pursuant to the diversity statute.

## **VENUE**

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), as the Eastern District of Pennsylvania embraces Berks County, where the State Court Action is pending.

PHIL1 7623914v.1

**REMOVAL IS TIMELY**

15.     "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.§ 1446(b)(1).

16.     The original Notice of Removal was timely filed with this Court pursuant to 28 U.S.C. § 1446(b), because thirty (30) days had not expired since Defendant first received notice of this action.  Defendant first received notice of this action on or about January 3, 2019, when the summons and complaint were delivered to Defendant's store in Hamburg, Pennsylvania. Other than additional copies of the Complaint filed in Berks County, Defendant has received no further pleadings or filings in this action.

**NOTICE TO OTHER PARTIES**

17.     Pursuant to 28 U.S.C. §1446(d), the undersigned certifies that, promptly after the original Notice of Removal was filed, written notice thereof was served upon Plaintiff and the Prothonotary of the Court of Common Pleas of Berks County.

WHEREFORE, defendant Tilden Recreational Vehicles, Inc. d/b/a Boat-N-RV, hereby removes the above-captioned action from the Court of Common Pleas of Berks County pursuant to 28 U.S.C. §§ 1441 & 1446.

PHIL1 7623914v.1

Dated: February 15, 2019        KLEHR HARRISON HARVEY BRANZBURG LLP

By: _____
Paige M. Willan
1835 Market Street, 14th Floor
Philadelphia, PA 19103
(215) 569-2700
pwillan@klehr.com

*Attorneys for Defendant*
*Tilden Recreational Vehicles, Inc.*
*d/b/a Boat-N-RV*

# CERTIFICATE OF SERVICE

I, Paige M. Willan, hereby certify that, on February 15, 2019, I caused a true and correct copy of the foregoing Amended Notice of Removal to be served via first class mail, postage pre-paid, on counsel for Plaintiff Paul Bellina at the following address:

> Sean M. McDonough
> Law Offices of Sean M. McDonough, P.C.
> 717 Washington Street
> Easton, PA 18043

_____
Paige M. Willan

PHIL1 7623914v.1

# EXHIBIT A

**LAW OFFICES OF SEAN M. McDONOUGH, P.C.**
**BY: Sean M. McDonough, Esquire**
sm@smcdlaw.com
I.D. No. 162056
717 Washington Street
Easton, PA 18042
Phone: (610) 365-7920

**Attorney for Plaintiff,**
Paul Bellina

| | | |
|---|---|---|
| PAUL BELLINA | } | COURT OF COMMON PLEAS |
|        *Plaintiff* | } | OF BERKS COUNTY |
| | } | |
| v. | } | |
| | } | CIVIL ACTION |
| TILDEN RECREATIONAL | } | |
| VEHICHLES, LLC d/b/a | } | |
| BOAT N RV | } | |
|        *Defendant* | } | |
| | } | |

<div style="display:flex; gap: 2em;">
<div>

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

<div align="center">

**LAWYER'S REFERENCE SERVICE**
**544 Court Street**
**Reading, Pennsylvania 19603**
**(Telephone 610-375-4591)**

</div>

</div>
<div>

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aquí en contra suya. Se le advierte de que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.**

**SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.**

<div align="center">

**LAWYER'S REFERENCE SERVICE**
**544 Court Street**
**Reading, Pennsylvania 19603**
**(Telephone 610-375-4591)**

</div>

</div>
</div>

LAW OFFICES OF SEAN M. McDONOUGH, P.C.
BY: **Sean M. McDonough, Esquire**
sm@smcdlaw.com
I.D. No. 162056
717 Washington Street
Easton, PA 18042
Phone: (610) 365-7920

**Attorney for Plaintiff,**
Paul Bellina

| | |
|---|---|
| PAUL BELLINA<br>　　　　　　*Plaintiff*<br><br>v.<br><br>TILDEN RECREATIONAL<br>VEHICHLES, LLC d/b/a<br>BOAT N RV<br>　　　　　　*Defendant* | COURT OF COMMON PLEAS<br>OF BERKS COUNTY<br><br>CIVIL ACTION |

## CIVIL ACTION COMPLAINT

Plaintiff, Paul Bellina, by his undersigned counsel, the Law Offices of Sean M. McDonough, P.C., files this Complaint against Defendant, Tilden Recreational Vehicles, LLC., doing business as Boat N RV Superstore, averring as follows:

## THE PARTIES

1.　　　Plaintiff, Paul Bellina, is a competent adult individual residing at 237 Hickory Corner Road, Milford, NJ 08848.

2.　　　Defendant, Tilden Recreational Vehicles, LLC., doing business as Boat N RV Superstore, is a corporation registered in the State of Pennsylvania at 20 Industrial Drive, Hamburg, Berks County, Pennsylvania, 19526

3

## VENUE AND JURISDICTION

3.      Berks County is an appropriate venue as it is the registered address of the Defendant, and the location where the Plaintiff's cause of action arises pursuant to Pa.R.C.P. 1006(a)(1) and Pa.R.C.P. 2179(a)(3).

## FACTS

4.      On or about December 22, 2017 Plaintiff, Paul Bellina entered into a contract with Defendant Tilden Recreational Vehicles, LLC., doing business as Boat N RV Superstore, to sell Plaintiff's 2014 Aerolite Travel Trailer (Trailer) on consignment at Boat N RV dealership. This contract is attached as Exhibit "A."

5.      In exchange for Defendant's agreement to sell said Trailer, Plaintiff, Paul Bellina, agreed to accept $17,000.00 from the gross proceeds. Id.

6. At the time the contract was entered into between the parties, Plaintiff had a lien of nearly $32,000.00 on the trailer through American Heritage Federal Credit Union. Id.

7.      The initial contract was for a term of 90 days, renewable by agreement of the parties. Id.

8.      In March of 2018, less than three months after the contract was signed the parties agreed to extend the contract for an unspecified period of time.

9.      On or about June 16, 2018 a friend of Plaintiff was on the premise of Defendant and observed Plaintiff's Trailer parked behind the building not on the sale lot.

10.      Upon further inspection he noticed substantial damage to Trailer, including but not limited to a broken slide, shifted frame and additional structural and

4

cosmetic damage. In addition, the vehicle had been broken into whereby a window on the side of the Trailer was missing and numerous electronic equipment had been stolen. A representative of Defendant advised Plaintiff's friend that they were not going to repair the Trailer.

11.     Defendant, as of the date of this compliant, have never advised Plaintiff of any issues or damage to his trailer. Furthermore, Defendant has never advised that the trailer was taken off the sale several months ago while Plaintiff continues to pay on the purchase loan.

## COUNT I
## NEGLIGENCE
## PLAINTIFF v. DEFENDANT

12.     The allegations and averments of the above paragraphs are incorporated by reference as if fully set forth herein.

13.     Defendant has a duty to maintain Plaintiff's property for the sole purpose of selling same on consignment.

14.     The Defendant's conduct was negligent in the following ways:

   a.     Failure to properly secure Plaintiff's property
   b.     Failure to safeguard Plaintiff's property
   c.     Failure to timely notify Plaintiff of damages incurred
   d.     Failure to maintain marketable title
   e.     Failure to properly safeguard Plaintiff's interests, and
   f.     Failure to properly maintain a fiduciary duty

15.     As a direct and proximate cause of the Defendant's negligence, the Plaintiff suffered damages including:

   a.     Loss of value to his property
   b.     Costs in commencing this action
   c.     Loss of the quiet enjoyment
   d.     Costs of paying a loan secured against said trailer, and
   e.     Diminution of value of Plaintiff's property

5

f.	Any future costs necessary to make Plaintiff whole as a result of the defective and fraudulent practices of the Defendant.

**WHEREFORE**, Plaintiff demands Judgment be entered against Defendant in an amount in excess of $50,000 for damages suffered by Plaintiff.

<div align="center">

**COUNT II**
**VIOLATION OF CONSUMER PROTECTION ACT**
**PLAINTIFF v. DEFENDANT**

</div>

16.	The allegations and averments of the above paragraphs are incorporated by reference as if fully set forth herein.

17.	For reasons listed in greater detail above, the Defendant in this case has failed to comply with the terms of the warranty given to the Defendant in taking reasonable steps to protect the Trailer from theft and vandalism, failure to notify Defendant of damages to the Trailer, failure to document and track damage to the Trailer, and failure to offer the Trailer for sale. These warranties were given to the Plaintiff at the time of the standard agreement in the contracts attached hereto.

18.	The UTPCPL Pa.C.S.A. § 201-2(4)(xiv) forbids failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made;

19.	The UTPCPL Pa.C.S.A. § 201-2(4)(xxi) forbids engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

20.	The UTPCPL Pa.C.S.A. § 201-2(4)(xxi) requires that contracts for goods or services require the following notice: "You, the buyer, may cancel this transaction at

any time prior to midnight of the third business day after the date of this transaction. See the attached notice of cancellation form for an explanation of this right."

21.     No such right to cancel was incorporated into the Defendant's contract in this case.

22.     The UTPCPL Pa.C.S.A. § 201-9.2(a) permits any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act (§ 201-3.1) to bring a private action, to recover actual damages.

23.     The UTPCPL Pa.C.S.A. § 201-9.2(a) permits the Court to award up to three times the actual damages sustained, and may provide such additional relief as it deems necessary or proper.

24.     The UTPCPL Pa.C.S.A. § 201-9.2(a) permits Plaintiff, in addition to other relief provided in this section, to recover costs and reasonable attorney fees.

25.     Defendant is subject to the UTPCPL as it is a provider of goods and services who advertize their products in the community.

26.     Plaintiff is a consumer under the UTPCPL because he purchased goods and services from the Defendants.

27.     The conduct as outlined in this pleading was fraudulent and deceptive, and constitutes violations of the UTPCPL.

28.     Plaintiff suffered damages as a direct and proximate result of the Defendant's conduct in violation of the UTPCPL including, but not limited to

            a.     Loss of value to his property
            b.     Costs in commencing this action

7

  c.  Loss of the quiet enjoyment

  d.  Costs of paying a loan secured against said trailer, and

  e.  Diminution of value of Plaintiff's property

  f.  Any future costs necessary to make Plaintiff whole as a result of the defective and fraudulent practices of the Defendant.

  **WHEREFORE**, Plaintiff demands Judgment be entered against Defendant in an amount in excess of $50,000 for damages suffered by Plaintiff, treble damages, and costs and fees as permitted by statute.

## COUNT IV
## BREACH OF CONTRACT
## PLAINTIFF v. DEFENDANT

  29.  The averments and allegations of the above paragraphs are incorporated by reference as if fully set forth herein.

  30.  As set forth above, the parties entered into a consignment contract whereby Defendant agreed to market and sell Plaintiff's Trailer.

  31.  Defendant breached the contract with the Plaintiff in the following respects:

  a.  Failing to market Plaintiff's trailer

  b.  Failing to provide the services and product promised for the agreed upon price

  c.  Failing to promptly correct known errors

  d.  Failing to correct errors under the existing contract

  e.  Failing to notify Plaintiff of the damages and theft

  f.  Failing to notify Plaintiff of the loss of marketability

  g.  Requiring Plaintiff to continue and pay principal and interest on a loan secured by the trailer

  32.  As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages including:

  a.  Loss of value to his property

  b.  Costs in commencing this action

  c.  Loss of the quiet enjoyment

        d.      Costs of paying a loan secured against said trailer, and

        e.      Diminution of value of Plaintiff's property

        f.      Any future costs necessary to make Plaintiff whole as a result of the defective and fraudulent practices of the Defendant.

**WHEREFORE**, Plaintiff demands Judgment be entered against Defendant in an amount in excess of $50,000 for damages suffered by Plaintiff.

## COUNT V
## UNJUST ENRICHMENT
## PLAINTIFF v. DEFENDANT

33.    The averments and allegations of the above paragraphs are incorporated by reference as if fully set forth herein.

34.    As set forth above, the Plaintiff, per the terms of the consignment agreement, handed over his trailer worth approximately $23,000 to the Defendant in exchange for the promise of marketing and storing Plaintiff's trailer in a safe and protected manner.

35.    Plaintiff has not received any benefit in exchange for his valuable consideration.

36.    Defendant has retained possession and to date has not notified Plaintiff of the allegations contained herein or refund any portion of the above mentioned valuable consideration.

**WHEREFORE**, Plaintiff prays for Judgment in his favor and against Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00).

Respectfully submitted,

LAW OFFICES OF SEAN M. McDONOUGH

By: _____

Sean M. McDonough, Esquire
Attorney for Plaintiff,
Paul Bellina

Dated: 10/1/18

EXHIBIT A

To Shawn

## RECREATIONAL VEHICLE CONSIGNMENT AGREEMENT

This Recreational Vehicle Consignment Agreement is entered into by and between the Parties identified below as of December 22nd , 201.

1. **Identification of the Parties.**

   a. Seller:

   Boat-N-RV Superstore
   20 Industrial Drive
   Hamburg, PA 19526

   **BOAT N RV**
   John Shefcyk
   *Sales Associate*
   20 Industrial Dr
   Hamburg, PA 19526
   610.562.7057 ext 106
   Cell 570.294.6741
   Fax 610.562.5867
   www.boatnrv.com
   Shefcyk@aim.com

   b. Consignor:

   Paul Bellina

2. **Identification of the "Vehicle".**

   Unit Year: 2014

   Make: Aerolite

   Model: 288

   VIN: 4YCTAEP28EK175108

3. **Terms of Consignment.**

   a. *Possession of the Vehicle.*

   ☒ Consignor has delivered the Vehicle into the possession of the Seller at the same time he/she executed this consignment agreement.

   ☐ Consignor will deliver the Vehicle into the possession of the Seller on or before _____, 201__.

   b. *Duration of Consignment.* The initial term of this consignment shall be __90__ days from the date Consignor delivers the Vehicle to Seller's facility. This agreement may be extended for two (2) additional thirty (30) day terms by mutual agreement of parties.

   c. *Title to the Vehicle.*

   ☐ Consignor holds title to the Vehicle free and clear of any lien(s) and he/she has delivered (or will deliver) the Certificate of Title to the Vehicle at the time the Vehicle is delivered to Seller's facility.

   ☒ Consignor holds title to the Vehicle subject to the lien of a bank, credit union, or other lending institution. As of December 22nd, 2017, the status of the loan is as follows:

- 1 -

Lienholder: *American Heritage*

Balance: *32,203.86*

Per Diem: _____

Lienholder 2: _____

Balance: _____

Per Diem: _____

Consignor agrees to cooperate with Seller by executing documents necessary to allow Seller to communicate directly with the lienholder(s) for the purpose of verifying the payoff amount(s) written above.

d. *Expenses of Consignment*. Consignor understands that Seller may incur certain expenses in connection with offering the Vehicle for sale such as, reconditioning, repairs, fuel for demonstration, etc. Any expenses off consignment shall be tracked by Seller and available for inspection via repair order(s) or other document kept in Seller's ordinary course of business. Seller must receive prior authorization from Consignor for any single expense of sale which exceeds $ *500*.00.

e. *Proceeds of Sale*. Consignor has placed Vehicle into the possession of the Seller for the duration set forth above for the purpose of generating a retail sale of the Vehicle. Ten (10) days following the closing of the retail sale of the Vehicle, Seller agrees to pay to Consignor and Consignor agrees that he/she shall receive $ *17,000* from the proceeds of sale (the "Gross Proceeds"), less the amount remitted on account of any outstanding lien(s), less Seller's expenses described above (i.e., the "Net Proceeds").

**Illustration 1**: Consignor has agreed to receive $10,000.00 as Gross Proceeds for the sale of the Vehicle, Liens against the Vehicle total $5,500.00, Seller incurs $900.00 in reasonable consignment expenses. Net Proceeds due to Consignor from Seller are $3,600.00 ($10,000.00-$5,500.00-$900.00).

**Illustration 2**. Consignor has agreed to receive $10,000.00 as Gross Proceeds for the sale of the Vehicle, Liens against the Vehicle total $12,000.00, Seller incurs $765 in reasonable consignment expenses. No Net Proceeds are due to Consignor. Consignor must tender $2,765.00 to Seller so that Seller can pass clear title to its Buyer (see Paragraph 3(f), below).

f. Payoff of Lien(s). If there is a lien on the Vehicle, Consignor understands that Seller will remit up to the balance of the loan shown above to the lienholder out of the Consignor's portion of the sale proceeds. If the Consignor's sale proceeds are not sufficient to satisfy all lien(s) against the Vehicle, Consignor shall immediately tender to Seller in cash or other good funds, money sufficient to satisfy all lien(s) against the Vehicle so that Seller can deliver clear title to the Vehicle. Consignor's failure or refusal to satisfy the lien(s) identified above shall be a breach of this Agreement. In the event of such a breach, Seller may, at its election, (a) tender the remaining balance to the lienholder so that it may complete its retail sale and sue for Damages or, (b) terminate the prospective retail sale of the Vehicle, terminate this agreement, and sue for damages incurred as a result of the lost sale.

4. Consignor's Continuing Obligations. Consignor understands and agrees that he/she must continue making any and all payments due to the above bank throughout the duration of this consignment. In addition, even if there is no lien against the Unit, Consignor understands and agrees that he/she must not cancel any policy of insurance for the Vehicle throughout the duration of this consignment. The Parties have executed a separate "Consent for Storage" document which sets forth the storage responsibilities of the Parties contemporaneous with the signing of this Agreement.

5. Warranties of Consignor. (a) the Vehicle is his or her property and that Consignor has the authority to transfer ownership thereof; (b) that the unit has been properly registered to Consignor and that there are no liens on the Vehicle, except as may be shown above; (c) that the Vehicle has neither a welded nor bent frame and (if motorized) that the motor block is not cracked, welded or repaired; (d) that the Vehicle has not been flood damaged nor declared a total loss for insurance purposes; (e) that no emission control or safety devices have been altered and/or removed from the Vehicle; (f) the engine and transmission have not been tampered with to pass inspection; (g) the Vehicle is "road worthy" or "sea worthy" on the day the Vehicle is delivered to the Seller; and, (h) all accessories and equipment are in good working order. Unless otherwise disclosed in writing, Consignor further warrants that the Vehicle is not a branded vehicle, i.e., the certificate of title (or equivalent) does not contain any of the following brands: (i) Reconstructed/Rebuilt, (ii) Non-USA-STD, (iii) Exceeds Mechanical Limits, (iv) Not Actual Mileage, or (v) Warranty Non-Conforming.

6. Seller's Commission. Consignor agrees that this is a fixed price consignment. Any amount collected by Seller over and above the amount written in Paragraph 3(e) shall be considered the Seller's commission for the sale of the Vehicle.

7. Termination of this Agreement. Upon the expiration or sooner termination of this agreement, Seller agrees to promptly surrender possession of the Vehicle and its Certificate of Title (if possessed by Seller) to Consignor upon receipt of payment for the expenses of consignment described in Paragraph 3(d) and/or (in the event of a termination of this agreement as a result of Consignor's breach) Seller's damages as a result of Consignor's breach.

8. Venue for Disputes. The Parties agree that the sole and exclusive locale for any dispute, claim, or cause of action, shall be the State (or, in the event subject matter jurisdiction shall exist) Federal court serving the territory where Seller's dealership facility identified on Page 1 is situated.

BOAT-N-RV

By:

Its:

CONSIGNOR

X

LAW OFFICES OF SEAN M. McDONOUGH, P.C.
BY: Sean M. McDonough, Esquire                    Attorney for Plaintiff,
sm@smcdlaw.com                                    Paul Bellina
I.D. No. 162056
717 Washington Street
Easton, PA 18042
Phone: (610) 365-7920

| PAUL BELLINA | | COURT OF COMMON PLEAS |
|---|---|---|
| *Plaintiff* | } | OF BERKS COUNTY |
| | } | |
| v. | } | |
| | } | CIVIL ACTION |
| TILDEN RECREATIONAL | } | |
| VEHICHLES, LLC d/b/a | } | |
| BOAT N RV | } | |
| *Defendant* | } | |
| | } | |

## VERIFICATION

Paul Bellina hereby swears that he is the Plaintiff in this action and that the statements in the attached pleading are true and correct to the best of his knowledge, information and belief and further acknowledges that any false statement made is subject to the criminal penalties of 18 P.C.S.A. Subsection 4904, relating to unsworn falsification to authorities.

Dated: 9/21/18

_____
Paul Bellina

10

# EXHIBIT B

# Berks County Civil Court Docket Summary
## Docket Number: 18 19948

**Judge:** Jeffrey K. Sprecher, J.          **Filed:** 12/14/2018

**SubType:** Complaint

**Attorney(s)**

**BELLINA, PAUL**                                                      McDonough, Sean

*** VS ***

**TILDEN RECREATIONAL VEHICLES LLC**          Willan, Paige M.

**DBA BOAT N RV**

| Date | Summary |
|------|---------|
| 12/14/2018 | Contract - Buyer Plaintiff - in excess of $50,000.00 plus... |
| 01/03/2019 | Sheriff's Service of Complaint and Notice upon Deft Tilden Recreational Vehicles (Boat N RV) by handing to David Rosco/APIC on 1/2/19 |
| 01/25/2019 | Order of 1/23/19-All parties, including insurance adjusters, if applicable, appear on 9/4/19 @ 10:30 a.m. for a scheduling/settlement/status conference. Copies and notice sent 1/25/19. |
| 01/25/2019 | Deft's Notice of Removal to United States Disrict Court for the Eastern District of PA with cert of service |

# EXHIBIT C

| | | |
|---|---|---|
| PAUL BELLINA, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-0349 |
| v. | : | |
| TILDEN RECREATIONAL VEHICLES, LLC<br>d/b/a BOAT-N-RV[1], | : | |
| Defendant. | : | |

## <u>DECLARATION OF THOMAS H. SHIELDS, III</u>

Thomas H. Shields, III, being duly sworn, deposes and states as follows:

1.     I make this declaration in support of defendant Tilden Recreational Vehicles, Inc.'s Amended Notice of Removal. I have personal knowledge of the fact set forth herein.

2.     I am an attorney licensed to practice in the state of Tennessee, and I am General Counsel and Vice President of Business Development for Tilden Recreational Vehicles, Inc.

3.     Tilden Recreational Vehicles, Inc. is a New York corporation. A true and correct copy of the certificate of incorporation of Tilden Recreational Vehicles, Inc. is attached hereto as Exhibit 1.

4.     Tilden Recreational Vehicles, Inc. is not a limited liability company. It therefore has no members.

---

[1]   Defendant is incorrectly identified in the Plaintiff's Complaint as Tilden Recreational Vehicles, LLC d/b/a Boat-N-RV. The correct party Defendant is Tilden Recreational Vehicles, Inc., a New York Corporation, d/b/a Boat-N-RV Superstore.

1

PHIL1 7623992v.1

5.     Tilden Recreational Vehicles, Inc.'s main office and principal place of business is located in Rockwood, Tennessee.

6.     Tilden Recreational Vehicles, Inc. operates in the Commonwealth of Pennsylvania, as a registered foreign corporation, under the trade name Boat-N-RV Superstore. A true and correct copy of the registration certificate for Tilden Recreational Vehicles, Inc. in the Commonwealth of Pennsylvania is attached hereto as Exhibit 2.

7.     Tilden Recreational Vehicles, Inc. maintains one business location in the Commonwealth of Pennsylvania, at 20 Industrial Drive, Hamburg, Pennsylvania, where the company operates a dealership of boats and recreational vehicles. This location is identified in the Complaint as the defendant's place of business. *See* Compl. ¶ 2.

8.     I am unaware of any company named Tilden Recreational Vehicles, LLC, and there is no such company that operates a dealership of recreational vehicles at 20 Industrial Drive, Hamburg, Pennsylvania.

9.     I assume that Plaintiff incorrectly identified the defendant in this case as Tilden Recreational Vehicles, LLC. The proper defendant is Tilden Recreational Vehicles, Inc.

10.     I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing information is true and correct, based upon my knowledge, information, and belief.

Dated: February ⁄⁄ 2019

By:  _____
                Thomas H. Shields, III, Esq.

2

# EXHIBIT 1

# STATE OF NEW YORK

## DEPARTMENT OF STATE

I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on July 8, 2013.

*Anthony Giardina*

Anthony Giardina
Executive Deputy Secretary of State

Rev. 06/13

{0312010006 73

# CERTIFICATE OF INCORPORATION

## OF

## TILDEN RECREATIONAL VEHICLES, INC.

Under Section 402 of the Business Corporation Law

**FIRST:** The name of the corporation is: **TILDEN RECREATIONAL VEHICLES, INC.**

**SECOND:** This corporation is formed to engage in any lawful act or activity for which a corporation may be organized under the Business Corporation Law, provided that it is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

**THIRD:** The county, within this state, in which the office of the corporation is to be located is: **GREENE.**

**FOURTH:** The total number of shares which the corporation shall have authority to issue and a statement of the par value of each share or a statement that the shares are without part value are: 200 No Par Value.

**FIFTH:** The Secretary of State is designated a agent of the corporation upon whom process against the corporation may be served. The address to which the Secretary of State shall mail a copy of any process accepted on behalf of the corporation is:

12634 Route 9W
West Coxsackie, New York 12192

## INCORPORATOR INFORMATION REQUIRED

**DERWOOD L. LITTLEFIELD,** Incorporator
12634 Route 9W
West Coxsackie, NY 12192

C0312010006 73

# CERTIFICATE OF INCORPORATION

## OF

## TILDEN RECREATIONAL VEHICLES, INC.

Under Section 402 of the Business Corporation Law

Filed By:     Matthew J. Sgambettera, Esq.
Deily, Mooney & Glastetter, LLP
8 Thurlow Terrace
Albany, NY 12203-1006

Mac-10

2003 DEC -1 PM 4: 03

/ PC
STATE OF NEW YORK
DEPARTMENT OF STATE
FILED DEC 0 1 2003
TAX $ 10
BY: Mac
GREENE

23391-016

2003 DEC -1 PM 3: 56
RECEIVED
2

699

# EXHIBIT 2

DEC 08 2003

**ST, PAO4B**

| | |
|---|---|
| **From:** | pao4b@state.pa.us |
| **Sent:** | Sunday, December 07, 2003 8:30 PM |
| **To:** | ra-st-pao4b@state.pa.us |
| **Subject:** | PAO4B New Registration 31433 |

Filed in the Department of
State on

Secretary of the Commonwealth

31543H9

# PENNSYLVANIA DEPARTMENT OF STATE
## CORPORATION BUREAU
### Application For Certificate of Authority

X Foreign Business Corporation (§ 4124)
Foreign Nonprofit Corporation (§ 6124)

**Document will be returned to the name and address you enter below.**

Name
**Derwood Littlefield**
Address
**12634 Rt. 9W**
Address

City                                State    Zip
                                             Code
**Myerstown**                       **PA   17067**

**Email:**
**dlittlefield@boatnrv.com**

Fee: $180

In compliance with the requirements of the applicable provisions of 15 Pa.C.S. (relating to corporations and unincorporated associations) the undersigned, hereby states thatxx.

1. The name of the corporation is
   **Tilden Recreational Vehicles Inc.**

2. *Complete only when the corporation must adopt a corporate designator for use in Pennsylvania*
   The name which the corporation adopts for use in this Commonwealth is :

3. *If the name set forth in paragraph 1 or 2 is not available for use in this Commonwealth, complete the following:*
   The fictitious name which the corporation adopts for use in transacting business in this Commonwealth is:
   **Boat N Rv Superstore**

   The corporation shall do business in Pennsylvania only under such fictitious name pursuant to the attached resolution of the board of directors under the applicable provisions of 15 Pa.C.S. (Relating to corporations and unincorporated associations) and the attached form DSCB 54-311 (Application for Registration of Fictitious Name).

4. The name of the jurisdiction under the laws of which the corporation is incorporated is:
   **NY**

5. The address of its principal office under the laws of the jurisdiction in which it is incorporated is:

   | | | | |
   |---|---|---|---|
   | **12634 Rt. 9W** | **W. Coxsackie** | **NY** | **12192** |
   | Number and Street | City | State | Zip |

6. The (a) address of this corporation's proposed registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is

   | (a) Number and Street | City | State | Zip | County |
   |---|---|---|---|---|
   | **2350 Camp Swartra** | **Myerstown** | **PA** | **17067** | **06** |

   (b) Name of Commercial Registered Office Provider County
   c/o

7    *(Check one of the following)*
     x *Business corporation* The corporation is a corporation incorporated for a purpose or purposes involving pecuniary profit, incidental or otherwise
     *Nonprofit corporation* The corporation is a corporation incorporated for a purpose of purposes not involving pecuniary profit, incidental or otherwise

IN TESTIMONY WHEREOF, the undersigned
corporation has caused this Application for
Certificate of Authority to be signed by a duly
authorized officer thereof this
day of .


Name of Corporation

Signature

Title

O183320031207

2003103- 139

## PENNSYLVANIA DEPARTMENT OF STATE
## CORPORATION BUREAU
### Foreign Signature Form

**Document must be completed and mailed to the address listed below.**

Department of State
Corporation Bureau
P.O. Box 8722
Harrisburg, PA 17105-8722
(717) 787-1057

1. The enterprise structure is:
   **Corporation**

2. The enterprise legal name is:
   **Tilden Recreational Vehicles Inc.**

3. The enterprise's fictitious name is:
   **Boat N Rv Superstore**

IN TESTIMONY WHEREOF, the undersigned have caused this application to be executed this
day of

Signature of: **Derwood Lee Littlefield**

Title

PA DEPT OF STATE

DEC 1 5 2003

## PENNSYLVANIA DEPARTMENT OF STATE
## CORPORATION BUREAU

### Statement of Change of Registered Office (15 Pa.C.S.)

- [ ] Domestic Business Corporation (§ 1507)
- [✓] Foreign Business Corporation (§ 4144)
- [ ] Domestic Nonprofit Corporation (§ 5507)
- [ ] Foreign Nonprofit Corporation (§ 6144)
- [ ] Domestic Limited Partnership (§ 8506)

**Document will be returned to the name and address you enter to the left.**
⇐

| Name | | |
|---|---|---|
| Tilden Recreational Vehicles, Inc. d/b/a Boat N RV Superstore | | |
| **Address** | | |
| 20 Industrial Drive | | |
| **City** | **State** | **Zip Code** |
| Hamburg | PA | 19526 |

Fee: $70

       In compliance with the requirements of the applicable provisions of 15 Pa.C.S. (relating to corporations and unincorporated associations), the undersigned corporation or limited partnership, desiring to effect a change of registered office, hereby states that:

1. The name is:
Tilden Recreational Vehicles, Inc., d/b/a Boat N RV Superstore

2. The (a) address of its initial registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is:

| (a) Number and street | City | State | Zip | County |
|---|---|---|---|---|
| 2350 Camp Swatara Road | Myerstown | PA | 17067 | Lebanon |

(b) Name of Commercial Registered Office Provider      County

c/o:

3. *Complete part (a) or (b):*

    (a) The address to which the registered office of the corporation or limited partnership in this Commonwealth is to be changed is:

| 20 Industrial Road | Hamburg | PA | 19526 | Berks |
|---|---|---|---|---|
| Number and street | City | State | Zip | County |

    (b) The registered office of the corporation or limited partnership shall be provided by:

c/o:

    Name of Commercial Registered Office Provider      County

**Commonwealth of Pennsylvania**
FOREIGN BUSINESS CHANGE OF REGISTERED OFFICE 2 Page(s)



T0605863112

PA DEPT. OF STATE

FEB 2 2 2006

DSCB:15-1507/4144/5507/6144/8506-2

---

4. *Strike out if a limited partnership:*

Such change was authorized by the Board of Directors of the corporation.

---

IN TESTIMONY WHEREOF, the undersigned has caused this Application for Registration to be signed by a duly authorized officer thereof this

__15th__ day of __February__ , __2006__ .

Tilden Recreational Vehicles, Inc., d/b/a Boat N RV Superstore

Name of Corporation/Limited Partnership

_____
Signature

_____
Title

# PENNSYLVANIA DEPARTMENT OF STATE
# BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS

☐ **Return document by mail to:**

Corporaiton Service Company

Name

034044-12

Address

City           State       Zip Code

Ashley.seeman@cscglobal.com

☑ **Return document by email to:** _____

Amendment of Foreign Registration
DSCB:15-413
(rev. 2/2017)

TCO180131JF1148

Read all instructions prior to completing. This form may be _____ ~~...porations.pa.gov/~~.

Fee: $250

In compliance with the requirements of the applicable provisions of 15 Pa.C.S. § 413 (relating to amendment of foreign registration statement), the undersigned registered foreign association hereby states that:

**1.** The name of the association under which it is registered to do business in this Commonwealth is:

TILDEN RECREATIONAL VEHICLES INC

Entity ID: 3184349

**2.** The type of association is (check only one):

☑ Business Corporation      ☐ Limited Partnership      ☐ Business Trust
☐ Nonprofit Corporation     ☐ Limited Liability (General) Partnership    ☐ Professional Association
☐ Limited Liability Company  ☐ Limited Liability Limited Partnership

**3.** The (a) address of the association's registered office in this Commonwealth or (b) name of its Commercial Registered Office Provider and the county of venue is:

*Complete part (a) OR (b) – not both:*

(a)  20 Industrial Rd         Hamburg         PA      19526      Berks
      Number and street          City            State      Zip      County

                                    **OR**

(b) c/o: _____
      Name of Commercial Registered Office Provider            County

**4.** Effective date of amendment of foreign registration (check, and if appropriate complete, one of the following):
   ☑ The Amendment of Foreign Registration shall be effective upon filing in the Department of State.
   ☐ The Amendment of Foreign Registration shall be effective on: _____ at _____.
                                 Date (MM/DD/YYYY)       Hour (if any)

**5.** *Check, and if appropriate complete, one of the following:*

☑ The association desires that its registration be amended to change or correct the following information:

The name of association's Commercial Registered Office Provider and county of venue is hereby changed to:

c/o Corporation Service Company, Dauphin County.

_____

_____

☐ The amendment adopted by the association is set forth in full in Exhibit A attached hereto and made a part hereof.

If the amendment reflects a change in name for the association which does not comply with 15 Pa.C.S. § 414 and §§ 201-209, the foreign association must adopt an alternate name that complies with 15 Pa.C.S. §§ 201-209 for use in Pennsylvania.

IN TESTIMONY WHEREOF, the undersigned association has caused this Amendment of Foreign Registration Statement to be signed by a duly authorized representative thereof this _25th_ day of _January_ 20 _18_ .

TILDEN RECREATIONAL VEHICLES INC
<div align="center">Name of Association</div>

<div align="center">Signature</div>

Jill Cilmi, Authorized Person
<div align="center">Title</div>